| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Michael Taylor  Special Agent: Sean Killian, FBI | Telephone: (313) 226-9100  Telephone: (313) 715-7062 | |

# UNITED STATES DISTRICT COURT
for the  
Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Aleem Akram | Case No. 25-mj-30083 |

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 28, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan SD__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute Controlled Substance |

This criminal complaint is based on these facts:  
SEE ATTACHED AFFIDAVIT

☐ Continued on the attached sheet.

*Complainant's signature*

Sean Killian, Special Agent, FBI  
*Printed name and title*

Sworn to before me and signed in my presence  
and/or by reliable electronic means.

Date: February 24, 2025

*Judge's signature*

City and state: Detroit, Michigan

Anthony P. Patti  United States Magistrate Judge  
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Killian, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April of 2022. I am currently assigned to the FBI Detroit Division's Strike Force Group 1. Prior to working for the FBI, I was a police officer for seven years in Indiana. I have participated in and conducted hundreds of investigations involving federal and state violations including, but not limited to, crimes involving illegal drug trafficking, sale, possession, and distribution.

2.      The statements contained in this affidavit are based upon my experience as a former police officer and current FBI Special Agent, information provided by police officers, other Special Agents of the FBI, other law enforcement personnel, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3.      As explained below there is probable cause to believe that Aleem AKRAM (XX/XX/1985) has committed violations of Title 21, United States Code, Section 841(a)(1) Possession with Intent to Distribute a Controlled Substance.

## Probable Cause

4.      On March 28, 2024, Federal Bureau of Investigation (FBI) Special Agents and Task Force Officers were conducting surveillance on a residence in Detroit Michigan (Subject Address), identified and known to law enforcement as related to an ongoing narcotics investigation. At approximately 8:20 PM, a vehicle previously identified in the narcotics investigation arrived in the area of the Subject Address. Two occupants of the vehicle entered the Subject Address and stayed for a short time before departing.

5.      I know from my training, experience, and knowledge of this ongoing narcotics investigation that locations where narcotics activities are conducted, including the Subject Address, are frequented by customers, either on foot or by vehicle traffic, who enter a residence briefly and then leave after a short duration. This short-stay activity is indicative of drug transactions taking place at the location and contrasts with typical social guests who visit a residence where traffic is less frequent, and stays are typically longer in duration.

6.      After the above-described vehicle left the Subject Address, investigators continued surveillance of the vehicle as it travelled to the area of Toledo, Ohio. Toledo Police traffic stopped the vehicle and found that the driver possessed approximately 1 ounce of suspected cocaine, 15 grams of suspected fentanyl, an unknown quantity of blue pills, and 7 folded papers containing an

unknown suspected narcotic. Law enforcement in Ohio notified FBI agents, who were still maintaining surveillance on the Subject Address, of the narcotics that were recovered.

7. At approximately 11:10 PM Agents observed a male, later identified as AKRAM, arrive in the area of the Subject Address in a rental SUV (Subject Vehicle), identified and known to law enforcement through the ongoing narcotics investigation. Agents observed AKRAM exit the rental vehicle and retrieve a weighted down shopping bag from a vehicle backed into the driveway of the Subject Address. AKRAM then reentered the Subject Vehicle at which point a male approached the driver's side of the Subject Vehicle and conducted what appeared to be a hand-to-hand money transaction with AKRAM.

8. Again, I know from my training, experience, and knowledge of the ongoing narcotics investigation that narcotics transactions are typically conducted in hand-to-hand exchanges consistent with the activity observed by AKRAM and the male at the Subject Address. Given the ongoing narcotics investigation at the Subject Address, the recovery of distribution quantities of narcotics from the driver that engaged in a short stay at the Subject Address hours prior, AKRAM's retrieval of a weighted shopping bag from a vehicle in the driveway of the Subject Address, and AKRAM's hand-to-hand transaction on scene, probable cause exists that AKRAM possessed with intent to distribute controlled substances at the Subject Address.

9. Agents maintained surveillance on AKRAM in the Subject Vehicle as it departed the area of the Subject Address. At approximately 11:30 PM a Trooper with the Michigan State Police observed the Subject Vehicle in the area of I-96 and Buchanan Roads in Detroit, Michigan. The Trooper observed the Subject Vehicle conducting a traffic infraction at which point the Trooper initiated a traffic stop on the Subject Vehicle. The Trooper conducted an initial exchange with AKRAM before returning his vehicle and contacting Agents. Agents advised the Trooper of their observations of the Subject Vehicle and Subject Address. The Trooper then approached the Subject Vehicle and ordered AKRAM out of it. The Trooper conducted a search of the Subject Vehicle finding a grocery bag containing four gallon-sized bags of a white/cloudy crystallized substance the Trooper believed to be methamphetamine. AKRAM was also found to have approximately $1,045 cash on his person.

10. The suspected methamphetamine was sent to the North Central Laboratory of the Drug Enforcement Administration in Chicago, Illinois for analysis. On December 13, 2024, the North Central Laboratory completed testing of the suspected methamphetamine finding it to be methamphetamine hydrochloride with an approximate weight of 1,786.7 grams.

11. I know from training and experience in narcotics investigations that 1,786.7 grams far exceeds a reasonable personal use amount for methamphetamine

and between the weight and packaging is consistent with distribution quantities of that controlled substance.

## Conclusion

12. Based on this information, there is probable cause to believe that Aleem AKRAM (XX/XX/1985) has committed violations of Title 21, United States Code, Section 841(a)(1) Possession with Intent to Distribute a Controlled Substance.

_____
Special Agent Sean Killian
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge
February 24, 2025